UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINC, INC., a Michigan corporation,
and PIERRE J. AUGIER, a Michigan
resident,

    Plaintiffs,

v.

RADIAL WHEEL, LLC, a Georgia
limited liability company, CLEMENT
O. DENNIS, a Georgia resident, and
STEPHEN R. GROSS, a Georgia resident,

    Defendants.

Case Number: 07-12488

DISTRICT JUDGE JOHN FEIKENS
MAGISTRATE JUDGE STEVEN D. PEPE

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND (DKT. #24),**

**ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR LEAVE TO AMEND (DKT. #29),**

**REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION
FOR A PERMANENT INJUNCTION REGARDING
THE SECOND GEORGIA ACTION (DKT. #30)**

**AND**

<u>**SCHEDULING ORDER REGARDING SUPPLEMENTAL BRIEFING**</u>

On August 18, 2008, Plaintiffs moved for leave to file a second Amended Complaint (Dkt. #24). Plaintiffs also filed a September 15, 2008, motion for permanent injunction seeking an order enjoining Steve VanCise and his attorneys, James, Bates, Pope & Spivey, from proceeding with the case captioned as *Steve VanCise v. Pierre J. Augier*, filed in the Superior Court of Bibb County, Georgia, No. 08-CV-48640, but removed to the United States District Court for the Middle District of Georgia, No. 5:08-cv-305-CAR (the "Second Georgia Action")

1

(Dkt. #30). On September 10, 2008, Defendants moved for leave to amend their answer to Plaintiffs' Amended Complaint (Dkt. #29). Defendants have also filed an August 19, 2008, motion for partial summary judgment (Dkt. #25). All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b) (Dkt. #34). On October 29, 2008, a hearing was held on these motions at which time all unresolved issues were addressed. For the reasons stated on the record and indicated below, Defendants' motion for leave to amend is **GRANTED IN PART**, and Plaintiffs' motions are **DENIED**.

## I. Plaintiffs' Motion for Leave to Amend

Plaintiffs seek to add a Count for violation of Georgia's Uniform Fraudulent Transfers Act. O.C.G.A. § 18-2-70, *et seq*. Plaintiffs contends that late in discovery in this matter, Defendants revealed that Gross and Dennis have been withdrawing substantial sums of money from Radial Wheel. These sums were allegedly withdrawn despite Defendants' recognition and understanding that Trinc was a creditor of Radial Wheel. Plaintiffs argue that these transfers violate the Uniform Fraudulent Transfers Act adopted by Georgia.

Yet, each year since Radial Wheel's inception, Plaintiff Augier, a member and owner of Radial Wheel, has been provided with a copy of the annual Schedule K-1 for the company, which included an accounting of payments made by the company to its members Dennis and Gross (Dkt. #27, Ex. A, ¶¶ 3-4, Affidavit of Steve Gross). Moreover, Plaintiffs were provided with complete tax returns of the Company for 2006 and 2007 as part of Defendants' Initial Disclosures on May 13, 2008. Those returns clearly indicate that guaranteed payments were made to Defendant Dennis in 2006 in the amount of $21,401.00 and guaranteed payments were made to Defendants Dennis and Gross in 2007 in the amounts of $46,099.00 and $20,000.00

2

respectively. Any claim that Plaintiff Augier and his company, Trinc, Inc., had no actual knowledge of the distributions being made by Radial Wheel to Dennis and Gross would arise from Mr. Augier's failure to review and consider the Schedules K-1 and tax returns for Radial Wheel. Information concerning the transfers has, at least since May 13, 2008, been in the hands of Plaintiffs or available to Plaintiffs as a matter of right. Section 14-11313(2)(A) of the Official Code of Georgia Annotated explains that a member of a limited liability company may inspect and copy any limited liability company record upon reasonable request. The closing date for all Discovery was May 30, 2008. Yet, this motion was not filed until August 18. To add this new claim after the close of discovery would require reopening discovery on a new and different state law claim that Plaintiff retains the right to bring as a separate action if he desires.

Because Plaintiffs were not diligent in pursuing this matter, Plaintiffs' motion for leave to amend their Complaint is **DENIED**.

## II. Defendants' Motion for Leave to Amend

On October 3, 2007, Plaintiffs filed their Amended Complaint and Jury Demand with the Court (Dkt. #5). After the Court's denial of Defendants' Motion to Dismiss and Transfer, Defendants filed their Answer and Affirmative Defenses to Plaintiffs' Complaint on February 22, 2008 (Dkt. #19). Paragraph 15 of Plaintiffs' Amended Complaint alleges: "Despite the Articles of Organization, Radial Wheel has never had a written operating agreement."

In its Answer, Defendants denied the averments contained in Paragraph 15 of Plaintiffs' Complaint, because Defendants felt that an operating agreement had in fact been signed, though no copy had then been located. As part of their Initial Disclosures, Defendants, on May 13, 2008, provided to Plaintiffs a photocopy of an executed operating agreement for Radial Wheel,

3

LLC, signed by Clem Dennis, Steve Gross, and Pierre Augier. Defendants indicate that they discovered this photocopy as part of a collection of numerous other corporate documents in their files, but had no information as to the source of the document, the location of the original or details surrounding the parties' execution of the document.

Since the production of the copy of a supposedly executed operating agreement, Plaintiffs' expert has concluded that the signature of Plaintiff Pierre Augier on the signature page of this document was apparently transposed from Plaintiff Augier's signature appearing on a letter from Plaintiff Augier to Defendant Stephen Gross dated April 24, 2007. Defendants have not refuted this finding. No evidence has been discovered or produced, either by Plaintiffs or Defendants, which would inform the parties or the Court as to how the signature of Plaintiff Augier came to be transposed onto the photocopy of the operating agreement that was in the possession of Defendants. Moreover, no operating agreement with any of the original three signatures has been located. Because Defendants now have information indicating that the photocopy of the executed operating agreement is not genuine, Defendants wish to amend their response to Paragraph 15 of Plaintiffs' Amended Complaint to read as follows:

> Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of the Amended Complaint. By way of further response, Defendants state that although no Operating Agreement with original signatures of Dennis, Gross, and Plaintiff Augier has been located to date, Defendants will continue to search for said document and make Plaintiffs aware of its discovery, should that ever occur. If no genuine original is located before trial, Defendants will admit that no Operating Agreement was ever signed.

Plaintiffs argue that months after the close of discovery and Mr. Augier's continued denial regarding the existence of a signed operating agreement, Defendants now want to wait until the day of trial to admit or deny the existence of an operating agreement for Radial Wheel.

4

Much of this case turns on whether the parties performed their fiduciary obligations to Radial Wheel. Plaintiff argues that whether Defendants will turn up yet another questionable operating agreement on the day of trial is unacceptable, and assert that if Defendants had a basis for claiming the existence of an operating agreement, that basis should have been disclosed. Months after the operating agreement relied upon by Defendants has been revealed as a forgery, Defendants cannot now claim that they are simply "without knowledge." Defendants' claim must be "reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Plaintiffs contend that Defendants' refusal to admit that no operating agreement was signed by the parties leaves open a central factual question in this case.

Given the discovery of this supposedly forged operating agreement, Defendants' motion to amend is **GRANTED IN PART** and Defendants' response to Paragraph 15 of Plaintiffs' Amended Complaint shall read as follows:

> Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of the Amended Complaint. By way of further response, Defendants state that although no Operating Agreement with original signatures of Dennis, Gross, and Plaintiff Augier has been located to date, Defendants will continue to search for said document and make Plaintiffs aware of its discovery, should that ever occur. If no genuine original is located on or before December 15, 2008, Defendants will admit that no Operating Agreement was ever signed.

If such a document is found by December 15, the Court anticipates that further discovery on this issue may be needed.

**III. Recommendation that Plaintiffs' Motion for Permanent Injunction be DENIED.**

Plaintiffs move this Court for an order enjoining Steve VanCise and his attorneys, James, Bates, Pope & Spivey, from proceeding with the case captioned as Steve *VanCise v. Pierre J. Augier*, filed in the Superior Court of Bibb County, Georgia, No. 08-CV-48640, but removed to

the United States District Court for the Middle District of Georgia, No. 5:08-cv-305-CAR (the "Second Georgia Action").  VanCise was an investor in Radial Wheel.  This case was brought by defense counsel, Thomas C. James, on behalf of Steve VanCise to recover his investment in Radial Wheel, LLC, based on representations made by Mr. Augier.  At the October 29, 2008, hearing on this motion, Mr. Thomas C. James stated that his client, Steve VanCise, specifically did not want to sue Radial Wheel, LLC, in the Second Georgia Action, and this decision was made without Mr, James' input.  Thus, Mr. James was not called upon to sue Radial Wheel, LLC, which is his client in this litigation.

Plaintiffs argue that the Second Georgia action is unnecessary, intended to avoid the jurisdiction of this Court, and will re-litigate matters that will be decided in this Court.  In lieu of an injunction, Plaintiffs request that this Court require that Defendants Radial Wheel, Gross and Dennis post a bond sufficient to cover the additional costs and fees incurred by Plaintiff Augier in defending the Second Georgia Action.  Plaintiffs further move this Court for an order disqualifying the law firm of James, Bates, Pope & Spivey from representing Defendants in this action.  Defendants' counsel, Thomas James, also filed the Second Georgia Action on behalf of the Plaintiff Steve VanCise.

From discussions at the October 29, 2008, hearing, it appears that the Second Georgia Action is asserted by VanCise solely against Mr. Augier on theories which are different and distinct from those in the Counterclaim of Radial Wheel, Gross and Dennis against Trinc and Mr. Augier in this case.  Currently, it appears that defense counsel James' advocacy on behalf of Radial Wheel in this case does not conflict with Mr. VanCise's position and assertions in the Second Georgia Action.  Accordingly, at this time, **IT IS RECOMMENDED** that Plaintiffs' motion

for a permanent injunction be **DENIED.** Plaintiffs' counsel indicated his intention to interplead Radial Wheel in the Second Georgia action. If Plaintiffs take such action, the Court may reexamine this issue to determine if a true conflict exists. Mr. James also noted that if Radial Wheel is made a party in the Second Georgia action, he would reevaluate whether Mr. VanCise would require separate counsel in that Action. Presently there is no basis for this Court to intrude upon the Second Georgia Action, nor grant Plaintiffs the instrumental advantage of disqualifying Defendants' counsel late in the processing of this case.

### IV.     Defendants' Motion for Partial Summary Judgment

On August 19, 2008, Defendants filed their motion for partial summary judgment on Counts I, II and III of Plaintiffs' Complaint (Dkt. #25). At the hearing, it was determined that supplemental briefing would be needed on Plaintiffs' rebuttal of Defendants' arguments concerning Count III of the Complaint. Specifically, on or before December 5, 2008, Plaintiffs shall file a supplemental brief not to exceed 10 pages, which discusses their claims of unjust enrichment that occurred both before and after Trinc terminated Defendants' rights, to the extent any ever existed, on July 18, 2006. Defendants shall file a response to Plaintiff's supplemental brief within 10 days of Plaintiffs' submission.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a

response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

s/Steven D. Pepe<br>United States Magistrate Judge

Dated: November 5, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 5, 2008.

s/V. Sims<br>Case Manager